c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| STUART LABORDE, *ET AL.*, Plaintiff | CIVIL ACTION NO. 1:23-CV-01315 |
| VERSUS | CHIEF JUDGE DOUGHTY |
| HUNT OIL CO., Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a Motion to Consolidate (ECF No. 14) filed by Defendant Hunt Oil Company ("Hunt"). Hunt seeks consolidation with another case pending, *Glendon and Dana Normand v. Hunt Oil Company*, Civil Action No. 1:23-CV-1316. Hunt maintains that both cases assert nearly identical causes of action against it, except for the identities of different plaintiffs, for their respective surface property descriptions. ECF No. 14 at 1.

Plaintiffs Stuart and Allison Laborde ("Plaintiffs" or the "Labordes") oppose. ECF No. 16.

## I.    Background

Plaintiffs filed suit in the Twelfth Judicial District Court, Avoyelles Parish, against Hunt under the Louisiana Environmental Quality Act for alleged continued statutory and regulatory violations based on environmental damages caused by Hunt's historic oil and gas exploration and production activities. ECF No. 1-2. Plaintiffs own approximately 56 acres of land consisting of two separate tracts. *Id.*

Plaintiffs contend the surface and subsurface soils and waters have been contaminated by "naturally occurring radioactive martial ("NORM"), produced water, drilling fluids, chlorides, hydrocarbons, and heavy metals. *Id.* at 2. Plaintiffs claim leaks, spills, and other surface and subsurface discharges of these and other substances from wells, pipelines, tank batteries, gas plants, and other equipment or facilities have further polluted the surface and subsurface of Plaintiffs' property. *Id.* Plaintiffs seek compensatory damages, exemplary damages, restoration damages, and attorney's fees. *Id.*

Hunt removed under diversity jurisdiction.[1] ECF. No. 1. Hunt now seeks to consolidate this suit with *Glendon and Dana Normand v. Hunt Oil Company*, Civil Action No. 1:23-CV-1316.[2] ECF No. 14.

Plaintiffs oppose. ECF No. 16.

## II.   Law and Analysis

### A.   A court may consolidate actions that involve a common question of law or fact.

"[A] trial court's managerial power is especially strong and flexible in matters of consolidation." *In re* Air Crash Disaster at Florida Everglades on December 19, 1972, 549 F.2d 1006, 1013 (5th Cir. 1977). Rule 42(a) of the Federal Rules of Civil Procedure provides that a court may consolidate actions that involve a common

---

[1] Plaintiffs are Louisiana citizens. ECF No. 1 at 2. Hunt is incorporated in Delaware, with its principal place of business in Texas. Thus, Hunt is a citizen of Delaware and Texas. *Id.* Hunt alleges the amount in controversy exceeds $75,000. *Id.*

[2] Glendon and Dana Normand (the "Normands") also filed suit in the Twelfth Judicial District Court, Avoyelles Parish, on the same date as the Labordes. ECF No. 16 at 2. The Court collectively refers to the Normands and the Labordes as "Plaintiffs."

question of law or fact.  Fed. R. Civ. P. 42(a).  A court may:  (1) hold a joint hearing or trial of any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.  *Id.*

A district court has broad discretion in determining whether to consolidate matters.  *See Alley v. Chrysler Credit Corp.*, 767 F.2d 138, 140 (5th Cir. 1985).  Consolidation is a tool designed to advance the interests of equity, efficiency, and judicial economy.  *See Henry v. Maxum Indem. Co.*, 2022 WL 15626272, at *3 (E.D. La. Mar. 18, 2022) (citation omitted).

Courts contemplating consolidation should consider the following factors:  (1) whether the suits are pending in the same court; (2) whether the suits involve one or more common parties; (3) whether the suits involve common issues of law and/or fact; (4) whether consolidation risks prejudice to any party; (5) whether consolidation will preserve judicial resources; and (6) whether the suits are at similar stages of preparedness for trial.  *Bertrand v. Coastal Chem. Co. LLC*, 6:21-CV-04398, 2024 WL 1179907, at *1 (W.D. La. Mar. 19, 2024) (citing *Aguillon v. Lumpkin*, 2023 WL 7198119 (S.D. Tex. 10/4/2023) (internal citations omitted)).

**B.    The Laborde and Normand cases should be consolidated.**

Both the first-filed suit, the Laborde matter, and the Normand suit, were removed to this Court on September 22, 2023.  ECF No. 1; *Glendon and Dana Normand v. Hunt Oil Company*, Civil Action No. 1:23-CV-1316, ECF No. 1.  Both suits were filed in the Twelfth Judicial District, Avoyelles Parish, on August 28, 2023, seeking injunctive relief, a declaratory judgment, and civil penalties for violations of

the Louisiana Environmental Quality Act on tracts land owned by the Labordes and the Normands.

Both suits allege claims for damages related to wells placed by Hunt in 1949. The Labordes list three wells as potential sources of property damage:  (1) the Leo Bize No. 1 Well (SN37548); (2) the Leo Bize, *et al.* Unit 2 Well No. 1 (SN37964); and (3) the Mrs. T. Grandpierre, *et al.* No. 1 Well (SN38387).  ECF No. 1.  The Normands list two wells as potential sources of property damage:  (1) the Leo Bize No. 1 Well (SN37548); and (2) the Leo Bize, *et al.* Unit 2 Well No. 1 (SN37964).

Hunt contends that the Laborde and Normand plaintiffs identify two of the wells at issue as being the source of the alleged contamination, and that the Laborde plaintiffs include a third well.  ECF No. 14 at 5.  Hunt argues that the suits will involve the same field, the same operations, two of the three wells are the same, the experts will be the same, and the liability and damages facts will be of the same nature. *Id.*

Hunt submits it began drilling and exploration activities on and/or near the Laborde's and Normand's properties beginning in 1949.  ECF No. 14-1 at 2.  Plaintiffs acquired the properties decades after operations had ceased. *Id.*  Hunt states the activities expanded across both the Laborde and Normand properties, which are adjacent. *Id.*  Thus, Hunt seeks consolidation to serve judicial economy, the convenience of the parties, and the avoidance of duplicative litigation.

Here, the Court finds that application of the foregoing factors weighs in favor of consolidation.  Both suits are pending before this Court, and both are now assigned

to Judge Doughty and the undersigned.  Hunt is the sole named Defendant in both suits.  Both suits arise from the same drilling and exploration activities and three wells as the alleged source of contamination, two of which are alleged in both suits.  A reading of the suits is nearly identical except for the distinction between properties and plaintiffs, and the addition of a third well at issue in the Laborde suit.  The same counsel represents both sets of Plaintiffs.  And the alleged tracts of land are adjacent lots.

Considering the above, there is no substantial risk of prejudice or confusion from consolidation.  The Court is capable of presiding over the claims before it without merging them to the prejudice of the parties.  Both suits allege the same causes of action, and now both suits are before the same judges.  And all deadlines have been continued without date.  Thus, the Plaintiffs concerns regarding the suits being at separate stages of litigation have been mitigated.  Additionally, given the overlapping discovery and evidence, consolidation and the same scheduling order will permit coordinated discovery and avoid duplicated efforts by the parties and the Court.  Consolidation would preserve the Court's judicial resources in resolving overlapping evidentiary and expert disputes.  Additionally, the Court sees no risk of jury confusion, as the parties can present each claim according to the applicable law.  Thus, the Court in its discretion finds consolidation is appropriate.

## III. Conclusion

For the foregoing reasons,

IT IS HEREBY ORDERED that Hunt's Motion to Consolidate (ECF No. 14) is GRANTED and that this matter be CONSOLIDATED with *Glendon and Dana Normand v. Hunt Oil Company*, Civil Action No. 1:23-CV-1316.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 25th day of July 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE